Johnson, J.
delivered the. opinion of the Court.
From the view which I have taken of this case, it may be conceded, that as between the plaintiff and Solomon Súber, the plaintiff was equitably, and I think legally, intitled to receive the money due on Suber’s note, it was given as the price of a negro, purchased of j James Penny, which he had before conveyed to the plaintiff, in trust for the uses expressed in the deed, given in evidence ; so that Súber took nothing by the purchase, arid was not",legally bound to pay the amount. The plaintiff, however, on the application of Saber, after the death of James Penny, affirmed the sale, and Súber in consideration thereof, re-assumed the payment of the purchase money to him; and from this contract arises the liability of Súber, and the right of *347 the plaintiff to receive the money. So much as to the rights of the plaintiff. We will now consider of the liability of the defendant.
The plaintiff delivered Suber’s note to one Johnson, with authority to collect the money due on it, and Johnson turned it over to the defendant together with several other notes, some of which were payable to himself, with instructions, generally, to collect them by suit, or otherwise, and apply the proceeds to debts, which he, Johnson, owed, and for which the defendant was bound as his surety, without any reservation as to this particular note, or notice that it belonged to the plaintiff. The defendant collected the money from Súber by suit, and applied it according to the general directions of Johnson : and it does not appear from the evidence, that he had any notice of the plaintiff’s claim until the commencement of this action.
The possession of the note was prima facie evidence of Johnson’s right to collect. In addition to this, he was directly authorized by the plaintiff to receive the amount, and necessarily had the right to direct the defendant as to the disposition of it; and the condition of the profession would be beggarly indeed, if by following the instructions of their clients, attorneys were to incur their liabilities to all the rest of the world. It was, therefore, correctly submitted to the jury, whether the defendant had appropriated the money in the manner directed by Johnson, with instructions, that if they should find in the affirmative, the verdict should be in his favor; and the finding is conclusive.
The third ground of the motion assumes that the defendant claims to retain the amount collected by him, in satisfaction of a debt due by Johnson to himself, and if this was true, I should be disposed to question his right to do so ; but I have examined the report of the presiding Judge, and his notes of the evidence taken on the trial, again and again, with a view to extract from them some facts to support this assumption : but lliey all lead to the conclusion that the defendant paid over the money, under his general directions, in satisfaction of debts due by Johnson to third persons ; for they were not the less his debts, because the defendant was bound for them as his surety.
A partial view of this case would lead one to conclude that it savoured a little of the stricti juris, and operated as a hardship *348 on the part of the plaintiff. But it is a quesiion, which of two innocent persons shall suffer. The plaintiff and not the defendant reposed the confidence in Johnson, and he must bear the loss.
Motion refused.